UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE COLE,<br><br>        Plaintiff,<br><br>        v.<br><br>EAST BAY MUNICIPAL UTILITY DISTRICT,<br><br>        Defendant. | Case No. 16-cv-00694-TEH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

This matter comes before the Court on Defendant East Bay Municipal Utility District's ("EBMUD's") motion to dismiss certain claims from Plaintiff Jesse Cole's first amended complaint ("FAC"). The Court finds this matter suitable for resolution without oral argument, *see* Civ. L.R. 7-1(b), and now GRANTS IN PART and DENIES IN PART EBMUD's motion for the reasons discussed below.

**BACKGROUND**

Plaintiff Jesse Cole alleges that he has worked at Defendant EBMUD since approximately October 15, 1998. He contends that, since 2010, he "has been required to work unreasonably long and strenuous hours while also simultaneously being required to assume responsibility for the safety and operability of major facilities and heavy machinery." FAC ¶ 9. He further contends that EBMUD failed to pay him for overtime, including holidays and weekends, in 2011, 2014, and 2015, and for hours he was required to be on standby for several years, including 2013 through 2015.

He alleges that he "verbally complained to Defendant EBMUD that his hours and/or responsibilities should be reduced, that he was not compensated properly under federal and state law for the hours he was required to work, and that he should be paid in full for his

time worked," but that these requests "were always denied." *Id.* ¶ 35. "In response to and because of [these] requests," EBMUD allegedly created "fictitious and/or exaggerated disciplinary reports in an effort to penalize [Cole] for engaging in protected activity." *Id.* ¶ 36. As a result, Cole claims that he has "suffered severe emotional distress." *Id.* ¶ 16.

The FAC contains three causes of action: (1) failure to pay minimum wage for all hours worked, in violation of California Industrial Welfare Commission ("IWC") Wage Order 4‑2001; (2) failure to pay overtime, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207; and (3) retaliation, in violation of the FLSA, 29 U.S.C. § 215. Cole also asserts a claim for punitive damages. EBMUD moves to dismiss the first and third causes of action and moves to strike the prayer for punitive damages.

**LEGAL STANDARD**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In ruling on a motion to dismiss, courts must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir.2007). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

### I.      Late Opposition

The Court first addresses the lateness of Cole's opposition brief.  EBMUD filed its motion on February 18, 2016, making the opposition due on March 3, 2016.  *See* Civ. L.R. 7-3(a)  (opposition due 14 days after motion filing).  Cole did not file his opposition until March 8, 2016 – five days late.  It appears that Cole might have erroneously concluded that EBMUD's re-noticing of its motion on February 23, 2016, resulted in a corresponding extension of the briefing schedule; however, this is mere speculation since Cole's opposition fails to note its lateness.

EBMUD asks the Court to sanction Cole by rejecting his late opposition, but the Court declines to do so.  EBMUD claims prejudice from the short time to respond to the late opposition, but it never sought an extension of the reply deadline.  In addition, Cole's opposition was brief – only 6 pages.  The Court therefore declines to impose any sanctions.  However, counsel are reminded that re-noticing a motion does not alter the briefing schedule, and that failure to comply with future deadlines may result in sanctions.

### II.     First Cause of Action: IWC Wage Order 4-2001

The Court now turns to the merits of EBMUD's motion, which begins by seeking to dismiss Cole's first cause of action for failure to pay minimum wage under IWC Wage Order 4-2001.  Cole brings this claim solely under the wage order, and there is no private right of action under IWC wage orders alone.  *Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112, 1132 (2012).  Accordingly, EBMUD's motion to dismiss this claim is GRANTED.

Although claims for wage order violations may be brought through various provisions of the California Labor Code, *e.g.*, *Kamar v. RadioShack Corp.*, Case No. CV 07-2252 AHM (AJWx), 2008 WL 2229166, at *4-12 (C.D. Cal. May 15, 2008) (implied private right of action to enforce IWC Wage Order 4-2001 under California Labor Code sections 218 and 1194), "'provisions of the Labor Code apply only to employees in the

3

private sector unless they are specifically made applicable to public employees,'" *Campbell v. Regents of Univ. of Cal.*, 35 Cal. 4th 311, 330 (2005) (citation omitted). It is unclear whether any provision of the California Labor Code would allow a public employee like Cole to enforce IWC Wage Order 4‑2001, and dismissal is therefore with leave to amend. In analyzing whether to amend this claim, Cole must carefully consider whether the statutory provisions he seeks to rely on apply to public employees.

### III.   Third Cause of Action: FLSA Retaliation

EBMUD next moves to dismiss Cole's third cause of action for FLSA retaliation, which requires the plaintiff to show that (1) he engaged in statutorily protected conduct or that the employer erroneously believed that he did so; (2) he suffered some adverse employment action; and (3) there is causal link between the plaintiff's conduct and the adverse employment action. *E.g., Singh v. Jutla & C.D. & R's Oil, Inc.*, 214 F. Supp. 2d 1056, 1059 (N.D. Cal. 2002).

EBMUD argues that Cole's complaint fails on the first and third elements, but the Court finds the allegations to be sufficient. First, EBMUD contends that Cole never complained about conduct that violates the FLSA. However, Cole alleges that he complained to EBMUD that, among other things, "he was not compensated properly under federal and state law for the hours he was required to work, and that he should be paid in full for this time worked." FAC ¶ 35. There can be no doubt that these complaints raise FLSA issues. *See, e.g., Adair v. City of Kirkland*, 185 F.3d 1055, 1059 (9th Cir. 1999) (noting that the FLSA was enacted to protect against substandard wages, and that "[t]he FLSA's minimum wage and overtime provisions are central among the protections the Act affords to workers"). Likewise, Cole further alleges that, "[i]n response to and because of" these demands, EBMUD "artificially generat[ed] fictitious and/or exaggerated disciplinary reports in an effort to penalize him for engaging in protected activity." FAC ¶ 36. This is sufficient to allege a causal link. Accordingly, the Court DENIES EBMUD's motion to dismiss Cole's third cause of action.

4

## IV. Prayer for Punitive Damages

Finally, EBMUD moves to strike Cole's prayer for punitive damages pursuant to Federal Rule of Civil Procedure 12(f). Cole failed to respond to this issue in his opposition, thereby conceding that, as a public entity, EBMUD cannot be liable for punitive damages under California Government Code section 818. However, in the very case cited by EBMUD for the purpose of a motion to strike under Rule 12(f), the Ninth Circuit held that Rule 12(f) "does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law"; instead, a motion to dismiss is the proper vehicle for doing so. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-76 (9th Cir. 2010). The Court therefore construes EBMUD's improperly brought motion to strike as a motion to dismiss and now dismisses Cole's prayer for punitive damages with prejudice.

## CONCLUSION

In accord with the above discussion, EBMUD's motion to dismiss is GRANTED IN PART and DENIED IN PART. Cole's first cause of action for failure to pay minimum wage is dismissed without prejudice, and his prayer for punitive damages is dismissed with prejudice. Cole shall file any amended complaint on or before **April 6, 2016**. Failure to file a timely amended complaint shall result in dismissal of the first cause of action with prejudice.

**IT IS SO ORDERED.**

Dated: 03/23/16

_____
THELTON E. HENDERSON
United States District Judge