UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE COLE,<br><br>          Plaintiff,<br><br>     v.<br><br>EAST BAY MUNICIPAL UTILITY DISTRICT,<br><br>          Defendant. | Case No. 16-cv-00694-TEH<br><br>**ORDER DENYING MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

This matter comes before the Court on Defendant's motion to dismiss the second amended complaint ("SAC"). After carefully reviewing the parties' written arguments, the Court finds the matter suitable for resolution without oral argument, *see* Civil L.R. 7 1(b), and now DENIES Defendants' motion for the reasons discussed below.

**BACKGROUND**

Plaintiff Jesse Cole contends that, for several years, Defendant East Bay Municipal Utility District ("EBMUD") illegally failed to pay him overtime and for hours he was required to be on standby. This Court previously dismissed from the first amended complaint ("FAC") Cole's claim for failure to pay minimum wage for all hours worked. Cole brought that claim only under California Industrial Welfare Commission ("IWC") Wage Order 4-2001, but IWC wage orders do not provide for a private right of action. *Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112, 1132 (2012). The Court granted leave to amend, and Cole timely filed the SAC, which alleges a minimum wage claim under California Labor Code section 1194. EBMUD now moves to dismiss that claim on grounds that section 1194 does not apply to public employees.

**LEGAL STANDARD**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In ruling on a motion to dismiss, courts must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

**DISCUSSION**

California Labor Code section 1194(a) provides that:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

EBMUD does not dispute that this statute gives private-sector employees a right to sue for minimum wages due under IWC wage orders. *See, e.g.*, *Kamar v. RadioShack Corp.*, Case No. CV 07-2252 AHM (AJWx), 2008 WL 2229166, at *4-12 (C.D. Cal. May 15, 2008). However, it argues that the statute does not apply to public employees like Cole.

As this Court noted in the order on EBMUD's motion to dismiss the FAC, "'provisions of the Labor Code apply only to employees in the private sector unless they are specifically made applicable to public employees.'" *Campbell v. Regents of Univ. of Cal.*, 35 Cal. 4th 311, 330 (2005) (citation omitted). In this case, section 1194 does not reference public employees, but the portion of the challenged wage order specifically applies to such employees. IWC Wage Order 4-2001, which is codified at Cal. Code Regs. tit. 8, § 11040, provides that, *"[e]xcept as provided in Sections* 1, 2, *4*, 10, and 20, the provisions of this order shall not apply to any employees directly employed by the State or any political subdivision thereof, including any city, county, or special district." Cal. Code Regs. tit. 8, § 11040(1)(B) (emphasis added). The minimum wage provision is contained in Section 4, Cal. Code Regs. tit. 8, § 11040(4), and therefore applies to public employees, as held by the California Court of Appeal in *Sheppard v. North Orange County Regional Occupational Program ("NOCROP")*, 191 Cal. App. 4th 289, 300-08 (2010).

*Sheppard* further held that section 1194(a) allows a public employee to bring a private right of action to enforce the minimum wage requirement. EBMUD contends that *Sheppard* only decided whether Wage Order 4-2001 applied to public employees (which EBMUD does not contest), but the court went on to explain that:

> Finally, NOCROP argues section 218, which the first amended complaint cited as Sheppard's authority for bringing a private right of action to enforce the minimum wage law against NOCROP, is inapplicable under section 220, subdivision (b) because NOCROP is a municipal corporation to which section 218 is inapplicable and thus expressly excluded. *We do not need to decide section 218's applicability here because section 1194, subdivision (a) expressly provides* in part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance."

*Sheppard*, 191 Cal. App. 4th at 308 (emphasis added). If section 1194(a) did not provide for a private right of action, then the court would have had to reach the question of whether section 218 did. Thus, *Sheppard* unmistakably found a private right of action for public employees under section 1194(a). Other courts have also found section 1194 applicable to

3

public employees, including with respect to providing a private right of action to enforce IWC wage orders. *Flowers v. Los Angeles Metro. Transp. Auth.*, 243 Cal. App. 4th 66, 79-80 (2015) (explaining that section 1194 prohibits a public transportation agency from entering into a collective bargaining agreement for less than the applicable minimum wage); *id.* at 86 (reversing trial court's "order sustaining the demurrer to the second cause of action for violation of the minimum wage requirements under Labor Code section 1194 and wage order 9"); *Stitt v. San Francisco Mun. Transp. Agency*, No. 12-cv-03704 YGR, 2013 WL 121259, at *3-6 (N.D. Cal. Jan. 8, 2013) (denying motion to dismiss a public employee's minimum wage claim under Wage Order 9 and Labor Code sections 1194 and 1198).

Finding a private right of action for public employees to enforce minimum wage provisions of IWC wage orders would also give force to legislative intent. *See Day v. City of Fontana*, 25 Cal. 4th 268, 272 (2001) (a court's "fundamental task in construing a statute is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute"). As the California Supreme Court has explained, the California Legislature created the IWC in 1913 to address problematic working conditions for women and minors. *Martinez v. Combs*, 49 Cal. 4th 35, 53-54 (2010). "Today, the laws defining the IWC's powers and duties remain essentially the same as in 1913, with a few important exceptions," all of which broadened the IWC's authority. *Id.* at 55 (footnote omitted). For example, "the Legislature has expanded the IWC's jurisdiction to include all employees, male and female, in response to federal legislation barring employment discrimination because of sex." *Id.* (citations omitted).

> To ensure the IWC's wage orders would be obeyed, the Legislature included criminal, administrative and civil enforcement provisions in the original 1913 act. . . . The civil provision [section 13 of the 1913 act] – the immediate predecessor of Labor Code section 1194 – gave employees a private right of action to recover unpaid minimum wages and invalidated agreements to work for less than the minimum wage.

1  *Id.* at 56. "[T]oday, as under the 1913 act, . . . an employee who sues to recover unpaid
2  minimum wages actually and necessarily sues to enforce the wage order." *Id.* at 57. "In
3  actions under section 1194 to recover unpaid minimum wages, the IWC's wage orders do
4  generally define the employment relationship, and thus who may be liable." *Id.* at 52. As
5  discussed above, the minimum wage provision of Wage Order 4-2001 explicitly applies to
6  public employees, and it would be nonsensical to conclude that the Legislature intended to
7  exclude such employees from the civil enforcement mechanisms it adopted to ensure that
8  IWC wage orders were obeyed. The Court therefore finds it consistent with legislative
9  intent to allow public employees to bring a private right of action under Labor Code
10 section 1194(a) for enforcement of provisions in IWC wage orders, like the minimum
11 wage provision at issue here, that specifically apply to public employees.

12 Given this conclusion, EBMUD's arguments concerning the "sovereign powers"
13 principle has no application. Under that principle, "government agencies are excluded
14 from the operation of general statutory provisions 'only if their inclusion would result in an
15 infringement upon sovereign governmental powers. . . . Pursuant to this principle,
16 governmental agencies have been held subject to legislation which, by its terms, applies
17 simply to any "person."'" *Wells v. One2One Learning Found.*, 39 Cal. 4th 1164, 1192
18 (2006) (citations omitted). The principle "can help resolve an unclear legislative intent"
19 but "cannot override positive indicia of a contrary legislative intent." *Id.* at 1193. Such
20 "positive indicia" are present here.

21 Notably, EBMUD has not presented any case in which a court has found that
22 section 1194 does not provide a private right of action to public employees. It relies
23 heavily on *Johnson v. Arvin-Edison Water Storage District*, 174 Cal. App. 4th 729 (2009),
24 but that case concerned Labor Code sections 510 and 512. Unlike section 1194, sections
25 510 and 512 are contained in the same chapter as another section, section 555, that
26 specifically refers to public employees. *Johnson*, 174 Cal. App. 4th at 736. Thus, unlike
27 in this case, holding that the statutes at issue there applied to public employees "would
28 violate the maxim that '[w]hen the Legislature "has employed a term or phrase in one

1 place and excluded it in another, it should not be implied where excluded.'"'" *Id.* at 736-37

2 (citation omitted).  Moreover, the *Johnson* court did not describe any indications that the

3 Legislature intended the protections of sections 510 and 512 to apply to public employees.

4 Here, by contrast, the minimum wage protections of Wage Order 4-2001 explicitly apply

5 to public employees, and courts have found that section 1194 applies to such employees –

6 a decision consistent with legislative intent.  Accordingly, *Johnson* is readily

7 distinguishable, and the Court does not find it persuasive with respect to section 1194.

## CONCLUSION

In light of all of the above, the Court concludes that Cole may bring a private right of action under California Labor Code section 1194(a) to enforce the minimum wage provisions contained in Section 4 of IWC Wage Order 4-2001.  EBMUD's motion to dismiss that claim is therefore DENIED.

**IT IS SO ORDERED.**

Dated:   06/01/16                                  _____
                                                                    THELTON E. HENDERSON
                                                                    United States District Judge